16 N.J. Super. 142 (1951)
84 A.2d 38
THE NATIONAL NEWARK AND ESSEX BANKING COMPANY OF NEWARK, TRUSTEE UNDER THE LAST WILL AND TESTAMENT OF NELLIE BOND OSBORNE, DECEASED, PLAINTIFF,
v.
VERA GRACE OSBORNE, ET AL., DEFENDANTS.
Superior Court of New Jersey, Chancery Division.
Decided October 22, 1951.
*143 Messrs. Goodell and Allcorn, attorneys for plaintiff.
Mr. Charles M. Waite, guardian ad litem for Pamela Osborne Waite and Charles Waite, Jr., pro se.
STEIN, J.S.C.
This suit is brought by the plaintiff, the National Newark and Essex Banking Company of Newark, as trustee under the last will and testament of Nellie Bond Osborne, deceased, seeking permission of this court to invest the corpus of the trust in securities as are now and from time to time may be designated as legal for fiduciaries under the statutes of this State.
Testatrix died on January 28, 1922, leaving a last will and testament and codicil thereto admitted to probate by the Surrogate of Essex County on February 10, 1922. The Bank of Montclair qualified as executor and trustee, and completed its duties as executor and continued to act as *144 trustee until June 30, 1950, when the Bank of Montclair was voluntarily dissolved. On September 5, 1950, the National Newark and Essex Banking Company of Newark was by order appointed substituted trustee under said will and codicil and qualified as such, and has since administered the trust.
When the decedent died in 1922, she had been a widow for only two or three years and had but recently lost her only child, Harold B. Osborne. The said Harold B. Osborne left his widow, Vera Grace Osborne, and daughter, Mary Bailey Osborne (now Mary Bailey Osborne Waite), both of whom survived the decedent and both of whom were the objects of the decedent's bounty.
The residuary estate, under the provisions of paragraph Thirteenth of the will, was devised and bequeathed to the Bank of Montclair, in trust, with directions to pay one-half the net income therefrom, but not exceeding the sum of $250 per month, to Vera Grace Osborne, testatrix' daughter-in-law, so long as she lived and remained the widow of the son, Harold Bond Osborne, and to use the balance of said income or any portion thereof as might be necessary for the "comfort, support and education" of Mary Bailey Osborne, testatrix' granddaughter, during her minority. Any unexpended balance of income was to be added to principal. When the said Mary Bailey Osborne attained the age of 21 years, the entire income of the trust was to be paid to her for and during her life, with the exception of such portion thereof as was payable to Vera Grace Osborne.
Upon the death of Mary Bailey Osborne, and if Vera Grace Osborne had theretofore remarried or died, the trust was to terminate and the principal and any accumulated income was to be divided equally between the surviving children and the surviving issue of any deceased children of Mary Bailey Osborne, per stirpes. If, on the other hand, Vera Grace Osborne had not remarried or died, only one-half of the corpus was to be distributed to the aforesaid remaindermen, the remaining one-half to be distributed on the remarriage *145 or death of Vera Grace Osborne. In the event that Mary Bailey Osborne should die leaving no issue surviving, then upon her death and the remarriage or death of Vera Grace Osborne, the corpus and accumulated income was to be divided into 11 shares and distributed as in the will provided.
By the terms of paragraph 10 of the codicil to her will, insofar as is here pertinent, testatrix increased the maximum amount of income payable to her daughter-in-law, Vera Grace Osborne, to $400 per month instead of $250 per month. In addition, testatrix directed that out of the income of the trust there should be paid $10 per month to Emma Julia Osborne for and during her natural life. Testatrix further directed that the trustees also set aside out of the income the sum of $100 per year, "to be used for purchasing two gifts for my granddaughter, Mary Bailey Osborne, one to be given to her at her birthday and one at Christmas * * * with a message each time that the gift is a reminder of the love of her father and her grandmother."
Testatrix was survived by both her daughter-in-law, Vera Grace Osborne, and her granddaughter, Mary Bailey Osborne. Vera Grace Osborne is still alive and has not remarried. Mary Bailey Osborne is still alive and has since attained the age of 21 years and is married to one Charles M. Waite, and is the mother of two children, Pamela Osborne Waite and Charles M. Waite, Jr., both minors. Emma Julia Osborne has since died.
Under the provisions of sub-paragraph 1 of paragraph Thirteenth of the will, not changed or modified by the codicil, the testatrix directed her trustee as follows:
"1. To convert my said residuary estate, except as the same may be already invested in securities approved by law for trustees, into cash and to invest, re-invest and keep invested the proceeds thereof in securities approved by the laws of the State of New Jersey at the time of my death for trustees. * * *" (Italics mine.)
The statutes in effect at the time of the death of the testatrix in 1922, limited investments by fiduciaries to three *146 classes of securities: (1) governmental obligations, including obligations of the United States, the State of New Jersey, other states of the United States, and certain political subdivisions and agencies of New Jersey and other states; (2) first mortgage bonds of any railroad company which had paid dividends of not less than four per cent per annum regularly on its entire capital stock for a period of not less than five years preceding the date of purchase; and (3) first mortgage bonds on real estate situated in New Jersey, to an amount not exceeding 60 per cent of the value of such real estate. (L. 1898, c. 234, § 137, as amended and supplemented by L. 1902, c. 240, § 1; L. 1907, c. 146, § 1; L. 1903, c. 146, § 1, as amended and supplemented by L. 1913, c. 247, § 1; and L. 1906, c. 195, § 33.) Subsequent to the date of death of the testatrix, the applicable statutes have been amended and supplemented so as to broaden extensively the number and nature of the classes of securities legal for the investment of trust funds. R.S. 3:16-1, 17:9A-24, 174 to 179, 181, N.J.S.A.
The principal of the trust fund herein amounts to approximately $210,000. Because of the unavailability of real estate mortgages, plaintiff and its predecessor trustee in latter years have been largely confined to investment in governmental obligations. Presently nearly 60 per cent of the corpus is invested in governmental securities and the balance divided approximately equally between railroad bonds and real estate mortgages, the latter dating back many years.
The income from the principal of the trust has steadily decreased to a point where it is only approximately 50 per cent of what it was in the years immediately following the inception of the trust.
Vera Grace Osborne is almost entirely dependent upon her share of the income for her maintenance and support, and the plaintiff brings this action for permission to invest the corpus of the trust fund in securities which are presently legal for fiduciaries in New Jersey, so as to enable it to diversify its investments and so as to increase the income *147 and to prevent what it contends will defeat the primary object and purpose of the trust.
Plaintiff, because the income of the trust provided for Vera Grace Osborne has diminished in recent years, brings this suit. It does not appear to me that the objects and purposes of the trust will be defeated by adhering to the restriction placed by testatrix on the trustee to invest in securities legal for trustees at the time of her death. True, the income is presently affected but the security of the principal is intact for aught that appears herein. The field for investment under the law as it existed at the time of her death is quite broad and permits of sound investments. Incomes of trusts have generally diminished in past years. Shrinkage in income is not sufficient of itself to permit of the court's intervention upon the ground that the trust might be defeated.
Complaint dismissed.